John D. Tennert, III (SBN 11728)
Fennemore Craig, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Tel: (775) 788-2200 / Fax: (775) 788-2236
jtennert@fennemorelaw.com

Faisal Zubairi, Esq. (*Admitted Pro Hac Vice*)
Jill Gutierrez, Esq. (*Admitted Pro Hac Vice*)
Jaycie Cruz, Esq. (*Admitted Pro Hac Vice*)
Dorsey & Whitney LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Tel: (714) 800-1461 / Fax: (714) 464-5353
zubairi.faisal@dorsey.com
gutierrez.jill@dorsey.com

*Attorneys for Jonathan Petrillo and*
*Cosmetic Skin Solutions LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ABLEVIEW ENTERPRISE LIMITED and ABLEVIEW BRANDS LIMITED;<br><br>        Plaintiff,<br><br>vs.<br><br>JONATHAN PETRILLO and COSMETIC SKIN SOLUTIONS LLC,<br><br>        Defendants. | Case No.: 3:24-CV-00409-ART-CSD<br><br>**REVISED CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF DOCUMENTS** |
| JONATHAN PETRILLO and COSMETIC SKIN SOLUTIONS LLC,<br><br>        Counterclaimants,<br>v.<br><br>ABLEVIEW ENTERPRISE LIMITED, ABLEVIEW BRANDS LIMITED, and ABLE VIEW INC., a Cayman Islands corporation,<br><br>        Counterclaim Defendants. | |

WHEREAS all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court enter a protective order pursuant to Federal Rules of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information with the Court under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve the exchange of confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.     Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Sensitive Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER GOVERNING THE
CONFIDENTIALITY OF DOCUMENTS

2.    The person producing any document containing Discovery Material may designate as "Confidential" any material that is not disclosed by the producing Party to third parties and that consists of:

(a)    internal communications not shared outside of the Party;

(b)    previously nondisclosed material relating to ownership or control of any non-public company;

(c)    any information of a personal or intimate nature regarding any individual;

(d)    other non-public, sensitive business information that would be damaging or erode the competitive advantage of the producing Party if it were to be made public; or

(e)    any other category of information hereinafter given "Confidential" status by the Court.

3.    The person producing any document containing Discovery Material may designate as "Highly Confidential – Attorneys' Eyes Only" material as to which the disclosure is restricted by law or would cause harm to the business, commercial, financial, or personal interests of a Party or a third party to whom a duty of confidentiality is owed and that consists of:

(f)    trade secrets or similar confidential information (such as customer lists, agreements with suppliers or business partners, and profit/loss calculations for products or on a company-wide basis);

(g)    non-public financial information, including, but not limited to, profit-and-loss calculations;

(h)    previously nondisclosed business plans, strategic discussions, or marketing plans;

(i)    previously nondisclosed product development information;

(j)    any information of a personal or intimate nature regarding any individual; or

(k)    any other category of information hereinafter given "Highly Confidential – Attorneys' Eyes Only" status by the Court.

4.    With respect to the Discovery Material documents or things other than deposition

65048116.1                                          2

CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF DOCUMENTS

transcripts and exhibits, the producing person or that person's counsel may designate such documents or things as Confidential or "Highly Confidential – Attorneys' Eyes Only" or "Sensitive – Attorneys' Eyes Only" Discovery Material by: (a) stamping or otherwise clearly marking the documents or things in a manner that will not interfere with legibility or audibility; and (b) upon request of the receiving party, producing for future public use another copy of said Discovery Material with the confidential or highly confidential portions of such documents or things redacted.

5.      The categories of documents addressed in the Court's June 5, 2026, Order (ECF No.129), including (1) ingredient lists and formula sheets for CSS products and (2) batch and production records, shall be designated as "Sensitive – Attorneys' Eyes Only" and the documents and information they include may only be disclosed to and accessed by counsel of record or retained nonparty experts who have been provided with this Protective Order and signed the Protective Order Acknowledgment in the form annexed hereto.

6.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Sensitive – Attorneys' Eyes Only" either by (a) indicating on the record during the deposition that a question calls for Confidential or "Highly Confidential – Attorneys' Eyes Only" or "Sensitive – Attorneys' Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Sensitive – Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter.  During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated "Highly Confidential – Attorneys' Eyes Only."

7.      If at any time prior to the trial of this action, a producing person realizes that some

portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Sensitive – Attorneys' Eyes Only," she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Sensitive – Attorneys' Eyes Only" under the terms of this Protective Order.

8.    No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

(a)    Officers and employees of the Parties to this action, and Iris Yu, currently the General Market Operation Director with Plaintiffs' affiliate Shanghai Jinglu Trading Co., Ltd., who are specifically involved in the prosecution or defense of this action, their insurers, and counsel to their insurers;

(b)    outside counsel of record retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-

65048116.1                                          4

CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF DOCUMENTS

Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)    any person retained by a Party or its counsel to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)    stenographers engaged to transcribe depositions conducted in this action; and

(i)    this Court, including any appellate court, and the court reporters and support personnel for the same.

9.    Documents designated as "Highly Confidential – Attorneys' Eyes Only" may only be disclosed to those persons referred to in sub-paragraphs 8(b)-(i).

10.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f) or 8(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Protective Order Acknowledgment in the form annexed hereto stating that that person has read this Protective Order and agrees to be bound by its terms.  Said counsel shall retain each signed Protective Order Acknowledgment and hold it in escrow.

11.    Any party may object to the designation of Confidential or Highly Confidential on the ground that such information does not constitute Confidential Information or Highly Confidential Information by serving written notice upon counsel for the producing person, specifying the item(s) by Bates number. The parties shall attempt to resolve each challenge in good faith through a meet and confer (as defined in LR IA 1-3(f)) to be initiated by the producing person within 14 days of the date of service of the notice.  If the parties cannot resolve a challenge without court intervention, the producing person shall file and serve a Motion Regarding Discovery Dispute in accordance with Part V(B) of the Court's Civil Standing Order (ECF No. 19) to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  The burden of persuasion in any such challenge proceeding shall be on the producing person.  Unless the producing person has expressly waived the confidentiality designation in writing, all parties

CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF DOCUMENTS

shall continue to afford the material in question the level of protection to which it is entitled under the producing person's designation until the Court rules on the motion.

12. Any Party who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court.

13. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within three (3) business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within twenty-one (21) days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

14. Recipients of Confidential Discovery Material under this Protective Order must use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to the use or disclosure of its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

15. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving such subpoena or other compulsory process, will provide written notice to the producing person before disclosure and as soon as

reasonably possible, and, if permitted by the time allowed under the request, at least (ten) 10 days before any disclosure.  Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

16.    All persons seeking to file redacted documents or documents under seal with the Court shall follow LR IA 10-5.  Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal.  The Parties will use their best efforts to minimize such sealing.

17.    Each person who has access to Discovery Material that has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Sensitive – Attorneys' Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.    In order to reduce the burden and expense of production, particularly with respect to Electronically Stored Information ("ESI") which may be voluminous, the production of any materials in this Action shall not, by itself, be deemed or considered a waiver of any assertion of a protective designation (e.g. "Confidential", or "Highly Confidential – Attorneys' Eyes Only," or "Sensitive – Attorneys' Eyes Only") or privilege, including but not limited to attorney work product or attorney-client.  A receiving party shall not argue that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable steps to rectify the error as set forth in Federal Rules of Civil Procedure 26(b)(5)(B).  The producing Party need not make a showing with respect to any measures taken to prevent the inadvertent production of the documents in question in order to be entitled to their return or designation as Confidential Discovery Material.

(a)    If any document produced by another person is on its face subject to a legally recognizable privilege, evidentiary protection, or subject to any restrictions on disclosure set forth under Chinese law, including but not limited to those set forth

by the Cybersecurity Law (CSL), Data Security Law (DSL) and/or the Personal Information Protection Law (PIPL), the receiving Party shall: (i) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (ii) immediately notify the producing person in writing that it has discovered documents believed to be privileged, restricted, or protected; (iii) specifically identify the documents by Bates number range or hash value range, and, (iv) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within five (5) days of discovery by the receiving Party.  Where such documents cannot be destroyed or separated they shall not be reviewed, disclosed, or otherwise used by the receiving Party.  Notwithstanding, the receiving Party is under no obligation to search or review the producing person's documents to identify potentially privileged or work-product protected documents.

(b)    Upon written notice of an unintentional production of privileged documents or documents designated for protection under this stipulation and order by the producing person, or upon oral notice if notice is delivered on the record at a deposition, the receiving Party must promptly return, sequester or destroy the specified document and any hard copies the receiving Party has, and may not use or disclose the information until the privilege or protection claim has been resolved. The producing person shall also provide an updated log for such documents setting forth the author, recipient(s), subject matter of the document, along with the basis for the claim of privilege or protection, as well as any portion of the document that does not contain privileged or protected information.  To the extent the producing person insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing person shall bear the costs of the return or destruction of such electronic copies.

(c)    To the extent the information contained in a document subject to a claim of privilege

65048116.1                                      8

CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER GOVERNING THE
CONFIDENTIALITY OF DOCUMENTS

or protection under this stipulation and order has already been used in or described in other documents generated or maintained by the receiving party, then the receiving Party will sequester such documents until the claim has been resolved. If the receiving Party disclosed the specified documents before being notified of their inadvertent production, it must take reasonable steps to retrieve them. The producing person shall preserve the specified documents until the claim is resolved.

(d)　The receiving Party shall have five (5) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege or protection and the grounds for that objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph V(B) of this Court's Civil Standing Order (ECF No. 19.).

19.　Any Personally Identifying Information ("PII") *(e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and shall cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

20.　This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Sensitive – Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain

65048116.1　　　　　9

jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:  June 9, 2026                                    **VENABLE LLP**

By:   */s/ Zoe D. Gallagher*
       John S. Worden
       Zoe D. Gallagher (*Pro Hac Vice*)
       Gabriella Gutierrez-Bravo (*Pro Hac Vice*)
       *Attorneys for Ableview Enterprise Limited*
       *and Ableview Brands Limited*

Dated:  June 9, 2026                                    **FENNEMORE CRAIG, P.C.**

By:   */s/ John D. Tennert, III*
       John D. Tennert, III
       *Attorneys for Jonathan Petrillo and*
       *Cosmetic Skin Solutions LLC*

Paragraph 21:  The Protective Order is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2026

65048116.1                                    10

CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER GOVERNING THE
CONFIDENTIALITY OF DOCUMENTS

**ATTACHMENT "A"**
**CONFIDENTIALITY AGREEMENT**

I, _____ do hereby acknowledge and agree, under penalty of perjury, as follows:

1.      I have read the Stipulated Confidentiality Agreement and Protective Order ("the Protective Order") entered in *Ableview Enterprise Limited and Ableview Brands Limited v. Jonathan Petrillo and Cosmetic Skin Solutions LLC* United States District Court case number 3:24-cv-00409 on _____, 20_____, and I fully understand its contents.

2.      I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court for the District of Nevada so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3.      I understand that by signing this instrument, I will be eligible to receive "Confidential Information" under the terms and conditions of the Protective Order. I further understand and agree that I must treat any "Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

DATED: _____

_____
(Signature)

_____
(Printed Name)

_____
_____
(Address)

65048116.1                                                11

CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER GOVERNING THE
CONFIDENTIALITY OF DOCUMENTS