# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ABLEVIEW ENTERPRISE LIMITED and
ABLEVIEW BRANDS LIMITED,

      Plaintiffs

v.

JONATHAN PETRILLO and COSMETIC
SKIN SOLUTIONS LCC,

      Defendants

JONATHAN PETRILLO and COSMETIC
SKIN SOLUTIONS LLC,

      Counterclaimants,

v.

ABLEVIEW ENTERPRISE LIMITED,
ABLEVIEW BRANDS LIMITED and
ABLEVIEW INC.,

      Counter-Defendants

Case No.: 3:24-cv-00409-ART-CSD

**Order**

Re: ECF No. 124

Defendants/Counterclaimants Jonathan Petrillo and Cosmetic Skin Solutions, LLC (CSS) (collectively, Defendants) have filed a motion regarding discovery dispute concerning responses to requests for production by Plaintiffs/Counter-Defendants Ableview Enterprise Limited, Ableview Brands Limited, and Ableview Inc., (Plaintiffs).

Defendants ask the court to order Plaintiffs to: (1) produce missing audio files from WeChat messages between Max Shen and Iris Yu within one week; (2) undertake a complete search for still missing internal/external correspondence, influencer correspondence and videos, and supplement production within a week; (3) explain whether and when a litigation hold was

implemented, when and how missing documents were deleted, and what, if anything, has been done to retrieve them; and (4) submit devices being used by Anson Wang, Iris Yu, Dennis Tang and Stephen Zhu for third party forensic examination at Plaintiffs' own expense. (ECF Nos. 124, 125, 125-1 to 125-3.)

Plaintiffs have filed a response. (ECF No. 129, 129-1.)

## I. BACKGROUND

This action was filed in September of 2024. (ECF No. 1.) The initial discovery deadline of April 2, 2025, was extended several times, to January 23, 2026. (ECF Nos. 24, 40, 51, 61, 78.) On December 9, 2025, defense counsel moved to withdraw (ECF No. 80), and current counsel substituted into the case (ECF No. 83).

The court held a hearing on a discovery motion filed by Plaintiffs on December 16, 2025, and at that time defense counsel, Mr. Tennert, Plaintiffs' discovery motion related to deposition dates for certain witnesses on December 16, 2025. At that time, new defense counsel represented they were in the process of gaining access to the case files from prior counsel and getting up to speed. As such, the court extended the discovery deadline to April 23, 2026. (ECF Nos. 88, 91.)

On February 4, 2026, Defendants filed a motion to compel responses to an additional 43 requests for production it served on January 16, 2026, and to compel the depositions of Plaintiffs' witnesses and party representatives, Wang (Ableview's CEO), Zhu (Ableview's founder), and Yu (Ableview's CMO). (ECF No. 93.) The court limited Defendants to 15 requests for production rather than the 43 served, and allowed Defendants to proceed with certain depositions of Plaintiffs' executives, including Wang, Shen and Tang. (ECF Nos. 97, 98.) The

court specifically ordered the parties to meet and confer in good faith to resolve any future discovery disputes. (ECF No. 98 at 34.)

Defendants subsequently brought a discovery motion to compel the deposition of Yu and to receive outstanding documents, which included documents that are the subject of the instant motion, such as WeChat audio files between Yu and Shen, Plaintiffs' internal communications about CSS' products, and influencer correspondence and videos. (ECF No. 101.) The court granted the motion insofar as it allowed Defendants to depose Ms. Yu. However, the motion was denied insofar as Defendants asked for an order compelling the completion of production by Plaintiffs. The court specifically found Defendants had not adequately met and conferred about these issues before raising them in the discovery motion. The court ordered the parties to engage in a robust meet and confer (in person or by videoconference) on these issues. (ECF Nos. 110, 113.)

In this motion, Defendants again assert that Plaintiffs' production did not include the audio message files for the WeChat messages between Yu and Shen, internal and external communications about CSS and its products and suppliers (except for the already-produced messages between Yu and Shen), or the influencer correspondence or videos.

## II. DISCUSSION

**1. Lack of Adequate Meet and Confer**

Mr. Tennert's declaration states that counsel met and conferred concerning asserted deficiencies with Plaintiff's production, including the WeChat productions and missing audio messages, time gaps and influencer correspondence and documents on April 2, 2026. (Tennert Decl., ¶ 9.) The court determined on April 23, 2026, however, that there had not been an adequate meet and confer on these issues. (ECF Nos. 110, 113.)

A letter was sent to Plaintiff's counsel on April 29, 2026, regarding audio messages between Shen, Yu and Zhu on WeChat; internal messages from Shen, Wang, Tang and Yu; and correspondence and digital media from influencers responsible for marketing CSS's products (among other issues not relevant to this motion). (Tennert Decl., ¶ 11.) The parties had a telephone conference on May 13, 2026, that included discussion about the missing audio files and missing internal and external correspondence. It was apparently represented by Plaintiffs at that time that certain documents and communications had been deleted. (Tennert Decl., ¶ 12.)

According to Plaintiffs' counsel, during that meeting, Defendants were advised that correspondence related to CSS on the devices of Shen and Tang have been extracted, and to the extent not already produced, they would be produced imminently. In addition, non-duplicative correspondence related to CSS on the devices of Yu and Wang were being extracted and would be produced. (Gallagher Decl., ECF No. 129-1 ¶ 20.)

Another letter was sent to Plaintiffs' counsel on May 18, 2026, concerning the missing audio messages from Shen and Yu, and regarding WeChat communications including a group chat titled "Ableview Operating Working Group" (also referenced in Plaintiffs' brief as "ABLV Working Group"). (Tennert Decl., ¶ 13.) According to Mr. Tennert, Plaintiffs' counsel responded on May 20, 2026, that it would produce the audio messages, but said it would not image the devices of Zhu or Yu, and would not search the devices of former Ableview employees who communicated with influencers regarding marketing CSS' products. Shen had testified that Ableview kept influencer videos on a thumb drive, but it was represented that there was no USB drive containing digital media from influencers. (Tennert Decl., ¶ 14.)

Plaintiffs provided a supplemental production on May 22, 2026, but Defendants contend it did not contain the audio files between Shen and Yu. In addition, many of the WeChat

messages produced were illegible and the ones that were produced revealed deficiencies in the production. (Tennert Decl., ¶ 15.)

On May 29, 2026, defense counsel sent Plaintiffs' counsel a letter regarding the deficiencies in the most recent production, including the omission of the audio messages, and the search for messages between Ableview employees. Defendants also requested imaging of the devices of Tang, Shen, Yu, Zhu, Wang and Sean Sun (a former employee who dealt with influencers). (Tennert Decl., ¶ 17.) According to Ms. Gallagher, the letter asked for these issues to be addressed by June 2, 2026. (Gallagher Decl., ECF No. 129-1 ¶ 15.) Plaintiffs began investigating the issues raised in the letter, and responded to the letter on June 2, 2026, providing dates for Yu's deposition, and advising they would respond to the rest of the letter in due course. (*Id.* ¶ 16.)

Defendants brought this motion on June 3, 2026. (ECF No. 124.)

While the parties engaged in one video conference to discuss a variety of discovery deficiencies, including some of the issues raised in this motion, there has been a subsequent production by Plaintiffs. There was no additional in-person or teleconference meet and confer to discuss the perceived issues with Plaintiffs' subsequent production before this motion was brought before the court.

The Local Rules, the court's Civil Standing Order, as well as the court's past orders and directives on the record in this case, have been clear that a good faith and robust meet and confer, either in person or by video conference, must take place before a discovery motion is filed. Defendants did not do so after Plaintiffs' most recent production. Demanding compliance with perceived deficiencies in discovery production within two business days without actually discussing the asserted deficiencies in person or on the phone or videoconference is not what the

court contemplated when it previously directed the parties to engage in a good faith and robust meet and confer. This alone justifies denying Defendants' motion.

**2. Defendants' Request is Not Justified**

Even if Defendants had engaged in an adequate meet and confer prior to bringing this motion, the court nevertheless finds Defendants' requested relief is not justified.

### A.  WeChat Audio Messages Between Shen and Yu

According to Defendants, Shen testified he had access to audio messages in WeChat with Yu, but they have not been produced.

Plaintiffs' represent that the actual audio files no longer exist because WeChat does not automatically retain audio files, but the *transcripts* of the audio files are available, and were produced on May 26, 2026. (Gallagher Decl., ECF No. 129-1 ¶ 19.) Therefore, the court does not find there is anything further to compel in this regard.

### B.  Internal and External Correspondence re: CSS Products and Suppliers and with Influencers

Defendants contend that Plaintiffs have not produced: the CSS group chat among Yu, Wang, Shu, and Tang; internal and third-party correspondence regarding CSS products and suppliers from Wang or Yu (or other Ableview employees); and correspondence with influencers.

### A.  The Group Chat

The "ABLV Working Group" chat is used by Ableview executives to discuss *all* of Ableview's operations, not just those related to CSS. In any event, to the extent CSS was discussed in the group chat, screenshots of the discussions were sent from Yu to Shen and have been produced. (Gallagher Decl., ECF No. 129-1 ¶ 10.)

**B. Internal/External Correspondence of Wang, Yu and Other Ableview Employees**

According to Defendants, Wang testified he was not asked to search for records until February or March 2026, and his phone and laptop were stolen in January/February 2026.

They further contend that Shen testified he did not search for correspondence with witnesses such as Yu, Wang and Zhu. Defendants go on to assert that Tang testified that he merely searched for documents by the name "CSS."

Plaintiffs represent they have extracted messages from Shen's and Tang's phones, which are being produced, and have agreed to do to the same for Yu and Wang. They note that Yu replaced her cell phone in early 2026, before Defendants asked that she be made a custodian, and she did not retain and cannot restore communications from her old phone. Plaintiffs contend that Zhu's communications were not requested, but they have agreed to search the current custodian's devices for communications with Zhu related to CSS. Finally, Defendants acknowledge Wang's testimony that his phone and laptop were stolen in early 2026.

Insofar as Defendants assert that communications should be produced from former Ableview employee Sun, who interacted with influencers, Plaintiffs represent that Sun left Ableview in 2024. When an employee leaves Ableview, their laptop is reset and all files are erased. In addition, Plaintiffs do not have control over Sun's personal devices.

Finally, the court will not order the imaging of the devices of Ableview's China-based employees in light of Plaintiffs' representation that this cannot occur due to Chinese state secret laws.

///

///

**C. Influencer Videos**

Shen apparently testified that Ableview kept influencer videos on a thumb drive he believed Ableview still had, but Defendants contend no such videos have been produced.

Plaintiffs assert they have produced all influencer-related documents in their possession, custody and control, and have downloaded and produced additional videos from the internet. (Gallagher Decl., ECF no. 129-1 ¶ 21.)

**CONCLUSION**

For the reasons set forth above, Defendants' discovery motion (ECF No. 124) is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 17, 2026

_____
Craig S. Denney
United States Magistrate Judge

8