**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ABLEVIEW ENTERPRISE LIMITED and ABLEVIEW BRANDS LIMITED,<br><br>Plaintiffs<br><br>v.<br><br>JONATHAN PETRILLO and COSMETIC SKIN SOLUTIONS LLC,<br><br>Defendants | Case No.: 3:24-cv-00409-ART -CSD<br><br>**Order**<br><br>Re: ECF No. 121 |
| JONATHAN PETRILLO and COSMETIC SKIN SOLUTIONS LLC,<br><br>Counterclaimants,<br><br>v.<br><br>ABLEVIEW ENTERPRISE LIMITED, ABLEVIEW BRANDS LIMITED and ABLEVIEW INC.,<br><br>Counter-Defendants | |

Before the court is Defendants'/Counterclaimants' motion for leave to file under seal exhibits E, F, J, K and L and an unredacted version of their motion for leave to file third amended counterclaim. (ECF No. 121.) Plaintiffs/Counter-Defendants did not file a response.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American

judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II*), 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct.*, *D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the

sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*.

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, Defendants/Counterclaimants seek to file exhibits under seal in connection with a motion to amend their counterclaim. This is more than tangentially related to the merits of the case. Therefore, the compelling reasons standard applies.

Defendants/Counterclaimants assert the exhibits at issue were produced by Plaintiffs/Counter-Defendants and were marked confidential pursuant to the protective order between the parties, as such, in an abundance of caution, Defendants/Counterclaimants seek to file these exhibits under seal. The exhibits consist of: (1) Tang Deposition Exhibit 5; (2) Tang Deposition Exhibit 45; (3) Shen Deposition Exhibit 51; (4) Shen Deposition Exhibit 57; and (5) Shen Deposition Exhibit 61.

Defendants/Counterclaimants acknowledge that a confidentiality designation alone does not establish that records should be sealed. They assert that Plaintiffs/Counter-Defendants are the party best situated to argue that the sealing standard is satisfied.

Defendants/Counterclaimants have not set forth compelling reasons for sealing these exhibits or the non-redacted version of their motion for leave to amend their counterclaim. Accordingly, Plaintiffs/Counterclaimants have up to and including **October 15, 2026**, to file a response to the motion demonstrating compelling reasons exist for sealing these exhibits or the non-redacted version of the motion for leave to amend the counterclaim. If no response is timely filed, these documents will be unsealed.

**IT IS SO ORDERED**.

Dated: October 1, 2026

Craig S. Denney
United States Magistrate Judge