**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ABLEVIEW ENTERPRISE LIMITED and ABLEVIEW BRANDS LIMITED,<br><br>Plaintiffs<br><br>v.<br><br>JONATHAN PETRILLO and COSMETIC SKIN SOLUTIONS LLC,<br><br>Defendant<br><br>JONATHAN PETRILLO and COSMETIC SKIN SOLUTIONS LLC,<br><br>Counterclaimants<br><br>v.<br><br>ABLEVIEW ENTERPRISE LIMITED, ABLEVIEW BRANDS LIMITED and ABLEVIEW INC.,<br><br>Counter-Defendants | Case No.: 3:24-cv-00409-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 121 |

Before the court is Defendants'/Counterclaimants' motion for leave to file under seal Exhibits E, F, J, K, and L in support of their motion for leave to file a third amended counterclaim. (ECF No. 121.) Defendants/Counterclaimants assert that the exhibits at issue were produced by Plaintiffs/Counter-Defendants and were marked confidential pursuant to the stipulated protective order. The court ordered Plaintiffs/Counter-Defendants to file a response. (ECF No. 190.) Plaintiffs/Counter-Defendants did so, and assert that they only seek to have Exhibits F and L under seal, which they contend contain trade secret and proprietary business information and contract negotiation. (ECF No. 191.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II*), 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct.*, *D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only

when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*.

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, Plaintiffs/Counter-Defendants seek to file two exhibits under seal in connection with Defendants/Counterclaimants' proposed amended counterclaim, which is certainly more than tangentially related to the merits of this case. Therefore, the compelling reasons standard applies.

Exhibit F is a contract between CSS and a third party, former Ableview subsidiary, Shanghai Jing Yue Trading Company. Exhibit L is the 2023 Distribution Agreement between Ableview and CSS. Plaintiffs/Counter-Defendants argue that these documents contain proprietary business information, which if disclosed, could harm Ableview's competitive standing.

Here, the court finds that Plaintiffs/Counter-Defendants have set forth compelling reasons to seal Exhibits F and L to the motion for leave to file a third amended counterclaim.

**CONCLUSION**

Defendants/Counterclaimants' motion (ECF No. 121) is **GRANTED** insofar as Exhibits F and L, or ECF Nos. 120-6 and ECF No. 120-12, shall remain **SEALED**.

ECF No. 119 and ECF Nos. 120-1, 120-2, 120-3, 120-4, 120-5, 120-7, , 120-8, 120-9, 120-10, 120-11, 120, 13, 120-14, 120-15 shall be **UNSEALED**.

**IT IS SO ORDERED**.

Dated: October 19, 2026



Craig S. Denney
United States Magistrate Judge